1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| JUAN VILLARREAL, | NO. CV 08-2935-GW (AGR) |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| JOHN F. SALAZAR, Warden, | |
| Respondent. | |

On May 5, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  It appears that Petitioner's claim is not cognizable under habeas because Petitioner does not challenge the fact or length of his confinement.  The Court, therefore, orders Petitioner to show cause on or before ***July 7, 2008***, why the Court should not recommend dismissal without prejudice based on the propriety of habeas jurisdiction.

## I.
## **BACKGROUND**

Petitioner, an inmate at Chuckawalla Valley State Prison in California at the time he signed his petition, is a Mexican citizen.  His petition challenges the

constitutionality of Cal. Penal Code § 11191.  (Petition at 2.)  According to Petitioner, § 11191 permits the involuntary transfer of California inmates to prisons in other states.  (*Id.* at 11.)  Petitioner argues that the California Department of Corrections and Rehabilitation is forcing Spanish-speaking foreign nationals to transfer out-of-state, thereby discriminating against the inmates based on their national origin.  (*Id.* at 14.)  Petitioner contends this practice violates his First Amendment, due process, and equal protection rights.  (*Id.* at 17.)  Among other things, Petitioner seeks to prevent his transfer out-of-state.[1]  (*Id.* at 18.)

On May 30, 2008, District Judge George H. Wu denied Petitioner's "Motion/Emergency Application for a Preliminary Injunction for a Temporary Stay of Any Other or Further Out of State Transfers."  (Docket No. 6.)

## II.

## DISCUSSION

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'"  *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser*, 411 U.S. at 498-99)), *cert.*

---

[1] The Court notes that Petitioner separately filed an application for injunctive relief. (Docket #3.) According to Respondent's opposition, Petitioner was transferred to the Florence Correctional Center in Arizona on April 25, 2008, eight days after he signed the instant petition. (Docket #5, Ex. 1 & Proof of Service; Petition at 18.)

2

*denied*, 541 U.S. 1063 (2004).

Although the United States Supreme Court has left open the possibility that in some circumstances a petition for writ of habeas corpus may be brought by a prisoner challenging certain prison conditions, the generally proper vehicle for challenging prison conditions is a section 1983 lawsuit. *See Preiser*, 411 U.S. at 499 ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.") (citation omitted); *Bell v. Wolfish*, 441 U.S. 520, 527 n.6, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) ("we leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement") (citations omitted); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("A civil rights action . . . is the proper method of challenging 'conditions of . . . confinement'") (citation omitted); *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement. Crawford's petition does not challenge the legality of his imprisonment. Instead, the petition alleges that the terms and conditions of his incarceration constitute cruel and unusual punishment, violate his right to due process, and invade his constitutionally protected privacy. The appropriate remedy for such constitutional violations, if proven, would be a judicially mandated change in conditions and/or an award of damages, but not release from confinement.") (citations and footnote omitted).

The issue Petitioner presents here was analyzed recently in *Adame v. Salazar*, 2008 WL 2019599 (C.D. Cal. 2008), and the district court concluded as follows:

> [I]f Petitioner's claims were to succeed, he would not be entitled to an accelerated release from confinement. Instead, he simply would remain in California. The Court sees no justification in this instance for deviating from what the Supreme Court in *Preiser*, the Ninth

Circuit in *Badea*, and other courts elsewhere have held to be the "proper" course, namely requiring conditions-of-confinement claims like Petitioner's to be brought in a civil rights lawsuit, not in a habeas corpus petition.

*Id.* at *2.

### III.
### CONCLUSION

IT IS THEREFORE ORDERED that on or before **July 7, 2008**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal without prejudice. Petitioner's response must explain why the petition is cognizable under habeas.

***Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court dismiss the petition without prejudice based on the propriety of habeas jurisdiction.***

DATED: June 4, 2008

                                        ALICIA G. ROSENBERG
                                        United States Magistrate Judge