

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| JUAN VILLAREAL, | ) No. CV 08-2935-GW (AGR) |
|---|---|
| Petitioner, | ) |
| v. | ) ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |
| JOHN F. SALAZAR, Warden, | ) |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: October 14, 2008

GEORGE H. WU
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JUAN VILLARREAL, ) <br> Petitioner, ) <br> v. ) <br> JOHN F. SALAZAR, Warden, ) <br> Respondent. ) | NO. CV 08-2935-GW (AGR) <br><br> REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable George H. Wu, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied without prejudice.

///
///
///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

Petitioner, an inmate at Chuckawalla Valley State Prison in California at the time he signed his Petition, is a Mexican citizen.

The Petition challenges the constitutionality of Cal. Penal Code § 11191. (Petition at 2.) According to Petitioner, § 11191 permits the involuntary transfer of California inmates to prisons in other states. (*Id.* at 11.) Petitioner argues that the California Department of Corrections and Rehabilitation is forcing Spanish-speaking foreign nationals to transfer out-of-state, thereby discriminating against the inmates based on their national origin. (*Id.* at 14.) Petitioner contends this practice violates his First Amendment, due process, and equal protection rights. (*Id.* at 17.) Among other things, Petitioner seeks to prevent his transfer out-of-state. (*Id.* at 18.)

On May 30, 2008, District Judge George H. Wu denied Petitioner's "Motion/Emergency Application for a Preliminary Injunction for a Temporary Stay of Any Other or Further Out of State Transfers." (Docket No. 6.)

On June 4, 2008, this Court issued an Order to Show Cause why this action should not be dismissed based on the absence of federal habeas jurisdiction. The Order to Show Cause required Petitioner to respond on or before July 7, 2008, and expressly warned that if Petitioner did not respond to the Order to Show Cause, the Magistrate Judge would recommend that the Petition be dismissed without prejudice based on the absence of federal habeas jurisdiction.

Petitioner did not file a response to the Order to Show Cause.

This matter was taken under submission and is now ready for decision.

II.

## DISCUSSION

"[W]hen a state prisoner is challenging the very fact or duration of his

physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser*, 411 U.S. at 498-99)), *cert. denied*, 541 U.S. 1063 (2004).

Although the United States Supreme Court has left open the possibility that in some circumstances a petition for writ of habeas corpus may be brought by a prisoner challenging certain prison conditions, the generally proper vehicle for challenging prison conditions is a section 1983 lawsuit. *See Preiser*, 411 U.S. at 499 ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.") (citation omitted); *Bell v. Wolfish*, 441 U.S. 520, 527 n.6, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) ("we leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement") (citations omitted); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("A civil rights action . . . is the proper method of challenging 'conditions of . . . confinement'") (citation omitted); *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement. Crawford's petition does not challenge the legality of his imprisonment. Instead, the petition alleges that the terms and conditions of his incarceration constitute cruel and unusual punishment, violate his right to due process, and invade his constitutionally protected privacy. The appropriate remedy for such constitutional violations, if proven, would be a

judicially mandated change in conditions and/or an award of damages, but not release from confinement.") (internal citations and footnote omitted).

Here, Petitioner challenges his transfer to an out-of-state prison. (Petition at 18.) The issue Petitioner presents here was analyzed recently in *Adame v. Salazar*, 2008 WL 2019599 (C.D. Cal. 2008), and the district court concluded as follows:

> [I]f Petitioner's claims were to succeed, he would not be entitled to an accelerated release from confinement. Instead, he simply would remain in California. The Court sees no justification in this instance for deviating from what the Supreme Court in *Preiser*, the Ninth Circuit in *Badea*, and other courts elsewhere have held to be the "proper" course, namely requiring conditions-of-confinement claims like Petitioner's to be brought in a civil rights lawsuit, not in a habeas corpus petition.

*Id.* at *2.

## III.
## **RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation; and (2) directing that judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: July 24, 2008

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

4

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.